USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/3/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
COLONY INSURANCE COMPANY,           :
                                                           :
                                                           :
                                        Plaintiff,    :
                                                           :      24-CV-7466 (VEC)
                 -against-                         :
                                                           :              ORDER
                                                           :
DTC SERVICES INC.,                          :
                                                           :
                                              Defendant.    :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

        WHEREAS on October 2, 2024, Plaintiff initiated this action seeking a declaratory judgment that Defendant, a policyholder, is not owed a duty of defense or indemnity in a state court personal injury action brought against Defendant, and several other parties, in the Supreme Court of the State of New York, County of New York, entitled *Palma-Castro v. Madison Plaza Apartment Corp., et al.*, Index No. 159540/2023 (the "Underlying Action"), *see* Compl., Dkt. 1;

        WHEREAS on January 2, 2025, the Court ordered the parties to appear before the Court on Friday, February 7, 2025, for Defendant to show cause why default judgment should not be entered against it, *see* Dkt. 24; and

        WHEREAS the Complaint and the Affidavit of Jonathan Harwood in Support of Plaintiff's Default Motion ("Harwood Aff.") aver that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, *see* Compl. ¶ 8; Harwood Aff., Dkt. 21, ¶¶ 8–13;

1

WHEREAS the Complaint alleges that the amount-in-controversy requirement is satisfied because Defendant will incur over $75,000 in defense costs in the Underlying Action, *see* Compl. ¶ 5;

WHEREAS in support of its Default Judgment motion, Plaintiff cites two different theories for the amount in controversy: (1) the plaintiff in the Underlying Action seeks in excess of $75,000 in compensation for his alleged injuries; and (2) the policy contains a $1,000,000 per occurrence limit of liability, *see* Harwood Aff. ¶¶ 10, 13;

WHEREAS Plaintiff has not alleged any facts that would allow the Court reasonably to infer that defense costs to be incurred in the Underlying Action will exceed $75,000, and the Harwood Affidavit does not assert that defense costs have or will exceed $75,000;

WHEREAS according to the Amended Verified Complaint filed in the Underlying Action, *see* Dkt. 1-1, the plaintiff seeks damages in excess of the jurisdictional limit of all lower New York state courts (i.e., a sum greater than $50,000, not a sum greater than $75,000), *see* Am. Verified Compl. ¶¶ 290, 296, 302, 308; and

WHEREAS the Court finds that Plaintiff's theory of damages based on the policy's per-occurrence limit is without merit, as "the amount in controversy is measured by the value of the object of the litigation," *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) (citation omitted), and it is not plausible, based on the facts asserted in the Complaint, that the policy limit is implicated by the Underlying Action; rather, the authorities relied on by Plaintiff make clear that the amount-in-controversy requirement may be based on the damages sought in the Underlying Action or the cost to defend the lawsuit, *see, e.g.*, *Union Mut. Fire Ins. Co. v. Tejada*, 2021 U.S. Dist. LEXIS 137766, at *9–10 (S.D.N.Y. July 23, 2021);

IT IS HEREBY ORDERED that by **Wednesday, February 5, 2025**, Plaintiff must submit an affidavit, including exhibits if necessary, addressing whether the amount-in-controversy requirement has been met. Failure to do so will preclude the entry of default judgment at the hearing on Friday, February 7, 2025.

IT IS FURTHER ORDERED that Plaintiff must serve this Order and Plaintiff's forthcoming supplemental affidavit on Defendant and file proof of service via ECF by **Thursday, February 6, 2025**.

**SO ORDERED.**

Date: February 3, 2025
New York, New York

                    **VALERIE CAPRONI**
                    **United States District Judge**