```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/24/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
COLONY INSURANCE COMPANY,                      :
                                               :
                                               :
                          Plaintiff,           :
                                               :            24-CV-7466 (VEC)
         -against-                             :
                                               :            OPINION & ORDER
                                               :
DTC SERVICES INC. and NOVATAE RISK             :
GROUP, LLC,                                    :
                                               :
                                               :
                                               :
                          Defendants.          :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Colony Insurance Company ("Plaintiff" or "Colony") sued DTC Services Inc. ("DTC") and Novatae Risk Group, LLC ("Novatae").[1] Plaintiff alleges Novatae failed to provide timely notice of a lawsuit filed against DTC in breach of Novatae's contractual obligations to Plaintiff. Plaintiff seeks a declaration that it owes no coverage to DTC or, in the alternative, seeks damages from Novatae for any costs Plaintiff incurs due to the delayed notice. Novatae moved to dismiss all claims against it for failure to state a claim.[2] For the following reasons, Novatae's motion is DENIED.

---

[1] DTC answered the Complaint. Dkt. 58.

[2] Although it moved to dismiss the Complaint as a whole, its argument in its opening brief was addressed only to purported flaws in the breach of contract claim. Def. Mot., Dkt. 59. In its Reply Memorandum, it asserted for the first time that there are various "technical flaws" in the other counts in the Amended Complaint. Def. Reply Mem., Dkt. 67, at 19–20. Novatae may be correct that there are legal infirmities in some of the other counts, but "[i]t is well settled that courts should not consider arguments first raised in a party's reply brief which afford no opportunity for response from the opposing party." *Haywin Textile Prods., Inc. v. Int'l Fin. Inv.*, 137 F. Supp. 2d 431, 434 n.2 (S.D.N.Y. 2001) (citing *Strom v. Goldman, Sachs & Co.*, 202 F.3d 138, 142 (2d Cir. 1999)). Accordingly, the Court considers Novatae's motion as being directed only at Count Two, the breach of contract claim.

## BACKGROUND[3]

Plaintiff is an insurance company. Am. Compl., Dkt. 52, ¶ 2. DTC is a general contractor that was insured by Plaintiff, and Novatae is a wholesale insurance broker that facilitated the placement of Plaintiff's policy with DTC. *Id.* ¶¶ 3–5. Plaintiff and Novatae were parties to a "Producer Agreement." Pursuant to that agreement, Novatae was obligated to "report promptly (generally within 48 hours) to [Colony] any incident, complaint . . . [or] suit" involving a policy procured by Novatae. *Id.* ¶ 23 (first alteration in original); *see also id.* Ex. B § 5.a.

On August 1, 2023, an employee of DTC's subcontractor was injured in a fall at a DTC construction site. *Id.* ¶¶ 14–15 ("August 1 Incident"). The injured worker subsequently filed a personal injury lawsuit against DTC (the "Underlying Action"). *Id.* At the time of the incident, DTC was insured under a Commercial General Liability policy issued by Plaintiff. The policy contained an endorsement excluding coverage for bodily injury to any contractor or their employees (the "Exclusion"). *Id.* ¶¶ 27, 30.

Novatae first received notice of the August 1 Incident from Astra Insurance Agency in September 2023 and received the complaint that was filed in the Underlying Action on February 28, 2024. *Id.* ¶¶ 24–25. Novatae provided Plaintiff notice of the August 1 Incident and the lawsuit on April 24, 2024. *Id.* ¶ 26; *see also id.* Ex. E.

On May 1, 2024, seven days after receiving notice, Plaintiff disclaimed coverage to DTC, citing the policy's Exclusion. *Id.* ¶ 34. While maintaining its denial of coverage, Plaintiff later agreed to provide DTC a "courtesy defense" in the Underlying Action, reserving its rights pending a judicial determination of its coverage obligations. *Id.* ¶ 35.

---

[3]   The Court presumes the truth of the well-pled factual allegations in the Complaint in assessing Defendants' motion to dismiss for failure to state a claim. *Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019).

Plaintiff initially filed this action against DTC on October 2, 2024. *See* Dkt. 1. On June 25, 2025, Plaintiff filed an Amended Complaint, adding Novatae as a defendant. *See* Am. Compl., Dkt. 52. As against Novatae, the Amended Complaint alleges four causes of action: breach of contract, errors and omissions, and two claims for indemnification (contractual and common law). Novatae moved to dismiss the breach of contract claim, Def. Mot., Dkt. 59 (citing Fed. R. Civ. P. 12(b)(6)), asserting that its argument relative to that claim is dispositive of the entire case. Def. Reply Mem., Dkt. 67, at 19.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a Rule 12(b)(6) motion, the Court construes the complaint liberally and draws all reasonable inferences in the light most favorable to the plaintiff. *Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013).

### II. Plaintiff Has Adequately Pled a Breach of Contract Claim

To state a claim for breach of contract under New York law, a plaintiff must allege "(1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." *Wiener v. AXA Equit. Life Ins. Co.*, 113 F.4th 201, 214 (2d Cir. 2024).

Novatae argues that "nothing in [the Producer Agreement] made Novatae an [agent]" of Plaintiff, and, therefore, its receipt of notice of the lawsuit did not constitute legal notice to Plaintiff. Def. Mem., Dkt. 59-2, at 7–9. Consequently, Novatae contends, Plaintiff's disclaimer of coverage was timely, it has no duty to defend DTC, and any defense costs it incurs are non-

recoverable voluntary payments not proximately caused by Novatae's purported breach of the Producer Agreement. *Id.* at 7, 9; Def. Reply Mem. at 15. Plaintiff responds that Novatae's agency status is "wholly irrelevant;" its claim is based on Novatae's breach of a direct, independent contractual duty to "report promptly" any notice of any incident it received. Pl. Mem., Dkt. 63, at 8; Am. Compl. ¶¶ 23, 50–51. Plaintiff asserts its defense costs were a foreseeable consequence of that breach and a reasonable act of mitigation. Pl. Mem. at 11.

Plaintiff has plausibly pled the elements of a breach of contract claim. A binding agreement between the parties existed, Plaintiff's performance is not in dispute, and Plaintiff alleges Novatae breached its duty to provide prompt notice, directly causing Plaintiff to incur defense costs. Am. Compl. ¶¶ 23, 50–51. Whether Plaintiff's payment of defense costs constitutes foreseeable mitigation damages is a question of fact that cannot be resolved on a motion to dismiss. *D.K. Prop., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 168 A.D.3d 505, 507 (1st Dep't 2019) (holding that whether damages were foreseeable is a factual question that "must await a fully developed record"). At this stage, the Court considers only whether those costs constitute recoverable damages, not whether they were a foreseeable consequence of Novatae's breach and a reasonable act of mitigation. *Id.* ("[T]he inquiry is not whether plaintiff will be able to establish its claim, but whether plaintiff has stated a claim"). At least one court in this District has held that a settlement paid to mitigate a larger potential loss was reasonable and recoverable. *282 Mountainview Drive L.L.C. v. Norguard Ins. Co.*, No. 19-CV-2048 (CS), 2021 WL 3037450, at *12 (S.D.N.Y. July 12, 2021).[4] Similarly, Plaintiff has adequately pled that its "courtesy defense" costs, expended to prevent a costly default judgment, are recoverable.

---

[4] Novatae's claim that *Norguard* is inapposite because it involved an "Actual Agent" under an "Agency Agreement," whereas Novatae is a "Producer" under a "Producer Agreement" is a distinction without a difference. Def. Reply Mem. at 10–11. The court's holding in *Norguard* was not based on the broker's general status as an

Novatae's primary argument relies on the voluntary payment doctrine, an affirmative defense barring recovery of payments made with full knowledge of the facts. *Dillon v. U-A Columbia Cablevision of Westchester*, 100 N.Y.2d 525 (2003). An affirmative defense is an inappropriate basis for dismissal at the pleading stage unless the facts establishing the defense appear on the face of the complaint. *Dreien Opportunity Partners, LLC v. Avison Young*, No. 18-cv-10087, 2019 WL 4805700, at *7–8 (S.D.N.Y. Oct. 1, 2019). That is not the case here.

In short, Novatae's motion to dismiss the breach of contract claim is denied.

## CONCLUSION

For the foregoing reasons, Novatae's motion to dismiss is DENIED.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 59 and the amended motion at Dkt. 72.

**SO ORDERED.**

**Date: October 24, 2025**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

---

"agent," but on its breach of a direct contractual duty owed to the insurer under their specific agreement. *Norguard*, 2021 WL 3037450, at *8. Plaintiff's claim is based similarly on Novatae's alleged breach of a contractual duty.